IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| FELIPE SANCHEZ, | : | Case No. 1:20-cv-75 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| GREGG PANCERO, INC., D/B/A TRIO BISTRO, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING MOTION TO REMAND (Doc. 7) AND DENYING AS MOOT MOTION TO AMEND (Doc. 10)**

This case is before the Court on the Motion to Remand (Doc. 7) and Motion for Leave to File a Second Amended Complaint (Doc. 10, "Motion to Amend") filed by Plaintiff Felipe Sanchez ("Sanchez" or "Plaintiff").  At issue is whether the Court should retain supplemental jurisdiction over Plaintiff's state law claims after he amended his complaint and abandoned his federal claims.  To promote judicial economy, convenience, fairness, and comity, the Court will grant the Motion to Remand (Doc. 7) and deny the Motion to Amend (Doc. 10) as moot.

## BACKGROUND

On December 31, 2019, Plaintiff filed this employment discrimination case in the Hamilton County Court of Common Pleas.  (Doc. 4.)  Plaintiff's original complaint (Doc. 4) alleged nine counts against his ex-employer, Defendant Gregg Pancero, Inc. ("Pancero" or "Defendant").  Four of the counts were brought under Title VII, 42 U.S.C.

§ 2000(e), *et seq*. ("Title VII"), the federal statutory scheme that prohibits employment discrimination. The remaining five counts all alleged violation of Ohio law, one for intentional infliction of emotional distress, and the rest for employment discrimination under O.R.C. § 4112, *et seq*. (*Id*.)

On January 29, 2020, Defendant removed the state court action to federal court based on federal question jurisdiction. (Doc. 1.) Plaintiff does not dispute the propriety of removal as this Court undoubtedly had original jurisdiction over the Title VII claims, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1367. Instead, Plaintiff responded by filing an Amended Complaint (Doc. 6), within twenty-one days, as permitted—"once as a matter of course." Fed. R. Civ. P. 15(a)(1)(A). In his Amended Complaint, Plaintiff deleted the four Title VII claims, leaving only state law claims. (Doc. 6.) The very next day, Plaintiff filed a motion to remand the case back to state court arguing that this Court should decline to continue exercising supplemental jurisdiction over state law claims now that all federal claims had been dismissed. (Doc. 7.)

Defendant filed a Response in Opposition, arguing that Plaintiff's Motion to Remand should be denied because his Amended Complaint still confers the Court with original jurisdiction. (Doc. 9.) Defendant points out that in paragraph seven of his Amended Complaint, Plaintiff still alleges that "[t]his court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, as well as supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367…" (*Id*.) Plaintiff filed a Reply in Support, in which he admits that paragraph seven was "erroneously included

2

in the amended complaint." (Doc. 11.) Plaintiff argues that, regardless of the paragraph's inclusion, the Court still does not have federal question jurisdiction because all federal claims have been dismissed. (*Id.*)

Additionally, and in order to "put this matter to rest," Plaintiff simultaneously filed a Motion for Leave to File a Second Amended Complaint, which—as Plaintiff himself describes—"is completely identical to his current (first) amended complaint except that it removes paragraphs 7 and 8, which were inadvertently not omitted from Plaintiff's original complaint…" (Doc. 10.) Defendant filed a Response in Opposition to the Motion to Amend (Doc. 13), to which Plaintiff filed a reply (Doc. 14). Accordingly, Plaintiff's Motion to Remand (Doc. 7) and Motion to Amend (Doc. 10) are now both ripe for the Court's review.

Neither party disputes that removal based on federal question jurisdiction was proper. Rather, the question before the Court is whether it should maintain supplemental jurisdiction over Plaintiff's remaining state law claims now that the federal claims have been deleted.

## LAW

The doctrine of supplemental jurisdiction, as codified in 28 U.S.C. § 1367, grants a district court broad discretion on whether it may exercise jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "That discretion, however, is bounded by constitutional and prudential limits on the use of federal judicial power." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir.

3

1996). Accordingly, if "the district court has dismissed all claims over which it has original jurisdiction," then the district court "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c)(3).

"In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (*citing Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court should "balance those interests against needlessly deciding state law issues." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (internal citations omitted). Although there is "no categorical rule that the pretrial dismissal of federal claims bars a court from deciding remaining state claims," *Carmichael v. City of Cleveland*, 571 F. App'x 426, 434 (6th Cir.2014), the Sixth Circuit favors remand. This is because "[c]omity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (*citing Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir.2006)).

In addition to "judicial economy, convenience, fairness, and comity," the court may also consider whether "the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims

4

from the complaint and requesting that the district court remand the case.'" *Harper*, 392 F.3d at 211. (*citing Carnegie-Mellon*, 484 U.S. at 357). "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id*.

Two contrasting Sixth Circuit opinions help illustrate these considerations. In *Harper*, the Sixth Circuit upheld a district court's decision to retain supplemental jurisdiction over state law claims based on four factors: (1) the plaintiff engaged in forum manipulation by voluntarily dismissing his federal-law claims after the case had been in federal court for eleven months; (2) the parties had completed discovery; (3) the defendants' summary judgment motions were ripe for decision; and (4) the district court had already invested significant time in the litigation and was familiar with the facts. 392 F.3d at 211–12. Conversely, in *Gamel*, although the district court found that the plaintiffs clearly engaged in forum manipulation, the Sixth Circuit found no abuse of discretion when the district court relied on the following factors to remand the state law claims to state court: (1) the plaintiffs retracted their federal claims four days after the defendant removed; (2) the court had not overseen discovery; (3) there was no potentially dispositive summary judgment motion filed at the time the motion to remand was filed; and (4) judicial economy would not have been served by exercising supplemental jurisdiction over the state law claims. 625 F.3d at 952–53.

## ANALYSIS

After reviewing the briefs, the Court finds that this case more closely resembles

*Gamel* than *Harper*. First, like the plaintiffs in *Gamel*, who deleted their federal-law claims within four days of removal, 625 F.3d at 952, and unlike the plaintiff in *Harper*, 392 F.3d at 211, who waited more than eleven months, Sanchez amended his complaint within twenty-one (21) days of removal. Second, discovery has not yet begun as neither party has even filed a Rule 26(f) report. Third, no potentially dispositive motions have been filed. And fourth, because the federal-law claims are no longer at issue, judicial economy would not be served by exercising supplemental jurisdiction over the remaining state-law claims. *See Gamel*, 625 F.3d at 953. Therefore, the interests of "judicial economy, convenience, fairness, and comity," weigh in favor of remand.

Moreover, the only relevant argument that Defendant makes in opposition is that Plaintiff's "blatant forum shopping should not be allowed." (Doc. 13.) Although Plaintiff's actions suggest forum-shopping—which the Court does not condone—the Sixth Circuit has held that "this factor alone [is] not sufficient to warrant retaining jurisdiction over the state-law claims." *Gamel*, 625 F.3d at 953. In sum, Defendant fails to elaborate any justification that overcomes the "strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Packard*, 423 F. App'x at 584.

## CONCLUSION

Upon consideration of the briefings, 28 U.S.C. § 1367, and the relevant *Carnegie–Mellon* factors, the balance of interests weighs in favor of deciding not to exercise supplemental jurisdiction over Plaintiff's state-law claims. Accordingly, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**.

Additionally, as the Court has granted Plaintiff's Motion to Remand, his Motion to Amend (Doc. 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_____
                                          JUDGE MATTHEW W. McFARLAND

7